**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**GINA ARSENAULT, and**
**GERALDINE LOCHREN,**
**individually and on behalf**
**of all others similarly situated,**

      **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No.**

**WELLCARE OF FLORIDA, INC.**
**d/b/a STAYWELL HEALTH PLAN**
**OF FLORIDA, and**
**COMPREHENSIVE**
**HEALTH MANAGEMENT, INC.**

      **Defendants.**
_____/

## COMPLAINT

### Preliminary Statement

1. This is a collective and class action brought by Individual and Representative Plaintiffs, GINA ARSENAULT and GERALDINE LOCHREN (Plaintiffs or Class Representatives), on their own behalf and on behalf of those similarly situated and Plaintiffs who have "opted-in" to this matter. Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class members are or were jointly employed by Defendant Wellcare of Florida, Inc. d/b/a Staywell Health Plan of

Florida (WellCare) and Comprehensive Health Management, Inc. (CHM) (collectively referred to as Defendants). Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class members are or were denied overtime pay required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The Putative Collective Class is made up of all persons who are, or have been, employed by DEFENDANTS as "LTSS[1] Care Specialist" during the applicable statutory period, and provided case management services including conducting assessments of enrollees eligible for care, developing care plans, assisting with referrals to providers, resolving complaints and other matters, and performing other related duties.  Like the Plaintiffs, the Putative Collective Class are, or were, employees of DEFENDANTS who worked in support of WellCare's contract with the State of Florida's Agency for Healthcare Administration ("AHCA") to provide Medicaid managed care services to Medicaid recipients in the State of Florida ("AHCA Contract"). The Plaintiffs and the Putative Collective Class members were paid on a hourly basis and not on a salary basis.

3. During the applicable statutory period, DEFENDANTS failed to pay overtime compensation to each member of the respective classes as required by federal law.  Plaintiffs seek relief for the Opt-In Plaintiffs and Collective Class under

---

[1] LTSS – Long Term Services and Support

the FLSA to remedy DEFENDANTS' failure to pay appropriate overtime compensation.

## Jurisdiction and Venue

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein. This action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

5. Venue is proper in this Court. DEFENDANTS reside in this judicial district and division and have offices in and do business throughout this judicial district and division under the AHCA Contract, and a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district and division.

## Parties

6. Defendant WellCare is a Florida for-profit corporation doing business throughout Florida, including this division and district, and may be served through its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL.

7. Defendant CHM is a Florida for-profit corporation doing business throughout Florida, including this division and district, and may be served through its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL.

8. Defendant WellCare's gross annual revenue has been in excess of $500,000.00 at all relevant times.

9. Defendant CHM's gross annual revenue has been in excess of $500,000.00 at all relevant times.

10. Alternatively, DEFENDANTS collective gross annual revenue has been in excess of $500,000.00 at all relevant times.

11. At all relevant times, DEFENDANTS are, or have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Each Plaintiff is an adult resident of the State of Florida and has been employed by DEFENDANTS as a "LTSS Care Specialist," "LTSS Senior Care Specialist " or other similarly titled position at times during the three (3) years prior to the filing of this Complaint (hereinafter referred to as "LTSS Care Specialist ").

13. Plaintiff Gina Arsenault performed work for DEFENDANTS as an LTSS Care Specialist in Franklin, Gadsden, Jefferson, Leon, Liberty, Madison, Taylor and Wakulla counties.

14. Plaintiff Geraldine Lochren performed work for DEFENDANTS as an LTSS Care Specialist in Florida.

15. Plaintiffs are "employees" of DEFENDANTS within the meaning of the FLSA. Their "Opt-In Forms" are attached hereto as Plaintiffs' composite Exhibit #1.

16. Similarly situated employees may seek to join this case by executing an "Opt-In Form" which will be filed with the court. Employees who file such forms are "Opt-In Plaintiffs". The FLSA allows similarly situated plaintiffs to join a collective action by filing Opt-In Forms.

## Factual Allegations

17. At all times relevant herein, DEFENDANTS operated a willful scheme to deprive their LTSS Care Specialist, including Plaintiffs, Opt-In Plaintiffs, and members of the Putative Collective Class, overtime compensation in violation of the FLSA.

18. Plaintiffs, Opt-In Plaintiffs, and the members of the Putative Collective Class are similarly situated individuals and were employed by the DEFENDANTS as LTSS Care Specialist delivering and performing case management and care coordination services described herein. As LTSS Care Specialist, Plaintiff's, Opt-In Plaintiffs, and the Putative Collective Class members' primary job duty was non-exempt work including, among other tasks, conducting assessments of enrollees eligible for care, developing care plans, assisting with referrals to providers, resolving complaints and other matters, and performing other related duties.

19. Plaintiff, Opt-In Plaintiffs, and the Putative Collective Class members were paid on an hourly basis and were not exempt employees under the FLSA.

20. However, the Plaintiffs were discouraged from reporting overtime and were placed in situations where they had to work "off the clock" in order to complete work/task and or fulfill their job duties. DEFENDANTS knew or should have known that the Plaintiffs were working "off the clock" and/or overtime, but were not being paid overtime.

21. Plaintiff, Opt-In Plaintiffs, and the Putative Collective Class members regularly worked in excess of forty (40) hours in a work week and were not paid one and one half (1 ½) their regular hourly rate as required by the Fair Labor Standards Act.

22. DEFENDANTS suffered and permitted Plaintiff, Opt-In Plaintiffs, and the Putative Collective Class members to work more than forty (40) hours per week without overtime pay.

23. DEFENDANTS have been aware, or should have been aware, that Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class members performed non-exempt work that required payment of overtime compensation. DEFENDANTS also required Plaintiffs, Opt-In Plaintiffs, and the similarly situated individuals of the Putative Collective Class to work long hours and on weekends,

including overtime hours, to complete all their job responsibilities and meet DEFENDANTS' productivity standards.

24. Plaintiffs' supervisors knew or should have known that Plaintiffs, Opt-In Plaintiffs, and members of the Putative Collective Class were working overtime hours because they required Plaintiffs and others to work overtime hours and/or were able to view Plaintiffs performing work on their computers outside of normal business hours. Plaintiffs were also required to work on the weekends to complete their work assignments.

25. Although they had a legal obligation to do so, DEFENDANTS did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class.

## Collective Action Allegations

26. Plaintiffs, on behalf of themselves and all similarly situated individuals and Opt-In Plaintiffs, restates and incorporates by reference the above paragraphs as if fully set forth herein.

27. Plaintiffs file this action on behalf of themselves and all similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiffs' and Opt-In Plaintiffs' signed consent forms which have been previously filed with the Court.

28. The employees similarly situated and members of the Putative Collective Class are:

> All persons who are, or have been employed by Defendants as LTSS Care Specialist , "LTSS Senior Care Specialist"or other similarly titled position(s) at any time from three years prior to the filing of the Complaint through the entry of judgment and provided case management services under the AHCA Contract, including conducting assessments of enrollees eligible for care, developing care plans, assisting with referrals to providers, resolving complaints and other matters, and performing other related duties.  Such persons were paid on a "hourly basis", were classified as "nonexempt" from overtime under the FLSA, and performed work "off the clock" or were not compensated for all hours that they worked performing case management services.

29. Plaintiffs, Opt-In Plaintiffs, and the Putative Class worked or work in excess of forty (40) hours during workweeks within the applicable statutory period.

30. DEFENDANTS did not pay Plaintiffs, Opt-In Plaintiffs, or the Putative Collective Class members overtime for all their overtime hours worked.

31. DEFENDANTS willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation and encouraging LTSS Care Specialist  to not report hours worked in excess of forty (40) in a work week unless it was approved in advance.

32. DEFENDANTS' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. DEFENDANTS are liable under the FLSA for failing to properly compensate Plaintiffs, Opt-In Plaintiffs, and the similarly situated individuals of the Putative Collective Class. Accordingly, notice should be sent to the FLSA Putative

Collective Class members. There are numerous similarly situated current and former employees of DEFENDANTS who have suffered from the DEFENDANTS' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to DEFENDANTS and are readily identifiable through DEFENDANTS' records.

## Violations of the Fair Labor Standards Act
## Failure to Pay Overtime

34. Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

35. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

36. DEFENDANTS suffered and permitted Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class to work more than forty (40) hours per week during weeks within the statutory period without paying them overtime compensation.

37. DEFENDANTS' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff, Opt-In Plaintiffs, and the Putative Collective Class the required overtime pay.

38. As the direct and proximate result of DEFENDANTS' unlawful conduct, Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

39. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Opt-In Plaintiffs, and the Putative Collective Class, DEFENDANTS have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). DEFENDANTS knew, or showed reckless disregard, of the fact that its compensation practices were in violation of these laws.

## Prayer for Relief

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, (including Opt-In Plaintiffs and members of the Putative Collective Class) pray for relief as follows:

A. Designation of this action as a collective action on behalf of the Plaintiffs, Opt-In Plaintiffs, and Putative Collective Class and prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

  B. Judgment against DEFENDANTS in the amount of Plaintiffs', Opt-In Plaintiffs', and the Putative Collective Class's unpaid overtime wages at the applicable overtime rates;

  C. An additional and equal amount as liquidated/statutory damages under 29 U.S.C. § 216(b);

  D. A finding that DEFENDANTS' violations of the FLSA were willful and not done in good faith;

  E. All reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

  F. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

  G. Leave to add additional plaintiffs by motion, the filing of written Opt-In consent forms, or any other method approved by the Court; and

  H. All further relief as the Court deems just and equitable.

Dated April 13th, 2020.

            s/Jeremiah J. Talbott
            JEREMIAH J. TALBOTT
            Fla. Bar No. 0154784
            Jeremiah J. Talbott, P.A.
            900 East Moreno Street
            Pensacola, FL 32503

(850) 437-9600
(850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com

Case 4:20-cv-00184-RH-MAF   Document 1   Filed 04/13/20   Page 12 of 12